RECEIVED
MAY - 1 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **LOPEZ BRYANT** | DOCKET NO. 13-CV-2962; SEC. P |
| **VERSUS** | JUDGE DEE D. DRELL |
| **WARDEN DYESS, ET AL.** | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint (42 U.S.C. § 1983) of Plaintiff Lopez Bryant. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC), presently incarcerated at the Ouachita Parish Work Release Center in Monroe, Louisiana. At the time of filing he was housed at the Richwood Correctional Center. He names as defendants Warden Dyess of the Rapides Parish Detention Center, Joseph Broussard, Freddie Vinson, Jr., Willie Weaver, and the LDOC. Plaintiff complains that he was wrongfully removed from work release. He seeks monetary damages for "lost wages."

### *Plaintiff's Claims*

Plaintiff alleges that he was removed from his work release assignment the day he was charged with a rule violation. Plaintiff was transferred from his work release to Rapides Detention Center III. Bryant claims that the LDOC was without authority to remove him from work release since he was not actually convicted of the disciplinary violation. He also claims that he was denied due process and that the deprivation of work release was cruel and unusual punishment in violation of the Constitution.

*Law and Analysis*

In order to state a claim under 42 U.S.C. §1983, the plaintiff must first allege facts to show that **a constitutional right has been violated**. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978); Daniels v. Williams, 474 U.S. 327 (1986); Polk County v. Dodson, 454 U.S. 312 (1981).

*1.Due Process*

First, Plaintiff claims that his due process rights were violated because he was denied participation in the work release program for an alleged rule violation of which he was not convicted. Plaintiff has neither a liberty nor property interest in the work release program and therefore his due process claims are frivolous. In Welch v. Thompson, 20 F.3d 636 (5th Cir. 1994), the Fifth Circuit determined that La. R.S.15:1111 entrusts the actual operation of the work release program to the LDOC. The court further determined that the statute does not dictate to the LDOC who it must put on work release. In short, the Fifth Circuit has held that "... La. R.S.15:1111 **does not create a liberty interest** subject to the Due Process Clause." Welch, 20 F.3d at 644. Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore Plaintiff cannot show that a constitutional right has been violated.

To the extent that Plaintiff also implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, such an argument also lacks an arguable basis in law and fact. The Fifth Circuit has held that prisoners have no property interest work-release employment. See Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995). Plaintiff is not entitled to participate in the Louisiana work-release program. Therefore to the extent that he implies that he was denied either a liberty interest or a property right in violation of the Due Process Clause, such claims are subject to dismissal as frivolous.

   2. *Cruel and Unusual Punishment and Equal Protection*

Plaintiff contends that denying him participation in the work-release program based on a disciplinary charge for which he was not convicted constitutes cruel and unusual punishment in violation of the Eighth Amendment. "Punishment rises to the level of cruel and unusual only if it involves an unnecessary and wanton infliction of pain." Talib v. Gilley, 138 F.3d 211, 214 (5th Cir. 1998) (internal citations and quotation marks omitted). Needless to say, denial of the right to participate in a work-release program falls far short of that. See James v. Hertzog, 415 Fed.Appx. 530 (5th Cir. 2011)(unpublished); Patin v. LeBlanc, 2012 WL 3109402 (E.D.La.); Therefore, he failed to state an arguable Eighth Amendment claim.

Likewise, Plaintiff claims that his removal from work release deprive him of "equal treatment" under the Eighth Amendment. As stated above, Plaintiff has not stated an Eighth Amendment violation. To the extent that he is attempting to raise an equal protection claim, the claim is frivolous. Inmates do not constitute a suspect class for purposes of the Equal Protection Clause of the Fourteenth Amendment. See Harris v. McRae, 448 U.S. 297, 323 (1980); Carson v. Johnson, 112 F.3d 818, 821-22 (5th Cir. 1997).

Finally, courts have found no constitutional violation when an inmate plaintiff is not returned to a prior custody classification when there is no disciplinary conviction. See Waller v. Miller, 2011 WL 5999048 (E.D.Tex., Nov. 30, 2011); Tracy v. Bragg, 2011 WL 6002626 (W.D.Tex., Nov. 30, 2011). A loss of trustee status and/or removal from a work program do not constitute atypical punishment within the context of prison life which would entitle the plaintiff to additional protections under the Due Process Clause. See Lewis v. Dretke, 54 Fed.Appx. 795 (5th Cir. 2001)(trustee status), citing Sandin v. Conner, 515 U.S. 472 (1995).

### *Conclusion*

Because Plaintiff has not alleged the violation of a constitutional right, **IT IS RECOMMENDED** that the complaint be **DENIED AND DISMISSED** with prejudice pursuant to 28 U.S.C. §1915(e)(2)(b) and 1915A.

4

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 30th day of April, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE